■ In the Matter of JOHNSON NEWSPAPER CORP., Appellant, v RICHARD PARKER, as Town Justice of the Town of Brownville, et al., Respondents. — Judgment unanimously reversed, without costs, and petition granted, in accordance with the following memorandum: Petitioner, Johnson Newspaper Corporation, commenced this CPLR article 78 proceeding seeking to have Special Term vacate the order of Justice Court of the Village of Brownville which excluded the press and public from a criminal preliminary hearing and seeking an unredacted transcript of the hearing. On June 30, 1983 Martin and Patricia Roth were arrested and charged with second degree manslaughter in the starvation death of their five-year-old daughter, Adrienne. Defendants' arrest was highly publicized by local news media. A preliminary hearing was held on July 7, 1983 in Justice Court of the Village of Brownville with the

Honorable Richard Parker presiding. At the commencement of the hearing, defense counsel moved to close the hearing pursuant to CPL 180.60 (subd 9). Over the objection of a reporter from petitioner's newspaper, Justice Parker adjourned the proceedings to his chambers and subsequently closed the hearing to the public and press. The court refused to delay the hearing one and one-half to two hours in order for petitioner's attorney to arrive or to hear counsel's argument over the telephone. Special Term dismissed the petition stating that the court had fully complied with the procedural requirements formulated in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430) and *Matter of Gannett Co. v De Pasquale* (43 NY2d 370). We cannot agree with respondent that the issues in this action are moot, because petitioner has still not received an unredacted copy of the transcript (*Matter of Herald Co. v Weisenberg,* 59 NY2d 378; *Matter of Westchester Rockland Newspapers v Leggett, supra*). Moreover, the issues addressed are of substantial importance, are likely to recur and involve orders which quickly expire and thus typically evade review (see *Matter of Westchester Rockland Newspapers v Leggett, supra,* p 437). Nor do we agree with Special Term that Justice Parker fully complied with the procedural requirements in closing the hearing. The motion to exclude was made in open court, defendants demonstrated a strong likelihood of prejudice and Justice Parker properly offered an explanation for closure in open court (see *Matter of Westchester Rockland Newspapers v Leggett, supra,* p 442). However, it was unreasonable to deny petitioner's request that the court either hear the argument of petitioner's attorney on the telephone or grant a short adjournment to permit him to attend and thus the press was not afforded an adequate opportunity to be heard. In this one respect the procedures required for closure prescribed in *Matter of Westchester Rockland Newspapers v Leggett* (*supra*) were not followed (see *Matter of Capitol Newspapers Div. v Clyne,* 56 NY2d 870). ¶ Inasmuch as the Roths have been convicted and sentenced, there is no reason for withholding the unredacted transcript and we direct that a copy be delivered. We find it unnecessary to reach the other issues presented. (Appeal from judgment of Supreme Court, Jefferson County, McLaughlin, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.