In the Matter of CAPITAL NEWSPAPERS DIVISION OF THE HEARST
CORPORATION, Respondent, v GEORGE S. LEE, as Town
Justice of the Justice Court of the Town of Canaan,
Appellant.

Third Department, July 7, 1988

## APPEARANCES OF COUNSEL

*Keith G. Flint (George H. Barber* of counsel), for appellant.

*O'Connell & Aronowitz (Peter L. Danziger* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

In mid-December 1986, Wyley Gates was arrested for the shooting deaths of his father, brother, cousin and his father's girlfriend at their home in the Town of Canaan, Columbia County. Because of the heinous nature of the crimes and the relationship of the accused to the victims, the case immediately attracted widespread public interest and intense news media attention. An adjourned preliminary hearing on the murder charges against Gates was rescheduled before respondent, the Town Justice of the Town of Canaan, on January 6, 1987. The proceedings were held at the Canaan Town Hall, which consisted of a single room in the town highway garage. Present for the hearing were Gates, his attorney, the District Attorney, members and acquaintances of the Gates family and

numerous representatives of the press and electronic news media.

At the inception of the hearing, Gates' attorney moved to close the hearing. Noting that the case was highly publicized and that the potential jury pool was small in rural, sparsely populated Columbia County, he argued that, because of the limited scope of the proceeding, in which "the evidence that I expect to be adduced * * * [would] only be a summary and small synopsis of all the facts and circumstances surrounding this case", an open hearing would "irretrievably and irrevocably damage the defendant's right to a fair trial". The District Attorney consented to closure. Respondent then invited the members of the media present to identify themselves for the record and to speak if they opposed the motion. A staff reporter from one of petitioner's newspapers expressed his opposition and asked for a short adjournment to have an attorney present to "make argument" on the motion. Other reporters present joined in that request and also expressed opposition to closure. Respondent denied the request for an adjournment and then declared a brief recess to consider the closure motion. Upon returning to the bench, respondent announced his decision granting closure, reasoning that a court "has discretion to close a preliminary hearing to the public when it perceives a strong likelihood of public disclosure of prejudicial information which could possibly damage the defendant's right to a fair trial" and that "nothing has been set forth to counterbalance the immediate threat of prejudice to the defendant". A member of the media then stated that an attorney had been contacted who "should be on his way shortly from Albany". However, respondent indicated the motion had already been decided and directed the public to leave the courtroom. Subsequently, respondent refused petitioner's written request for a transcript of the proceedings at the preliminary hearing held after closure.

Petitioner then commenced this CPLR article 78 proceeding seeking a judgment that respondent's actions with respect to closure were arbitrary, capricious and in violation of lawful procedure. Supreme Court ruled that, under current 1st Amendment standards for denying the press access to criminal proceedings, there was an insufficient demonstration by Gates and insufficient findings by respondent of a "substantial probability" that Gates' right to a fair trial would be impaired by publicizing the hearing (136 Misc 2d 494). Supreme Court further held that petitioner was denied due process by respon-

dent's failure to grant the request for a brief adjournment to permit the appearance of counsel to argue against closure. This appeal by respondent ensued.

■■ At the outset, we address the issues presented on this appeal despite the fact that the trial of Gates has been concluded. The issues involved are issues of public importance and the controversy is capable of repetition, yet evading review *(see, Press-Enterprise Co. v Superior Ct.,* 478 US 1, 6; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). We also reject respondent's contention that Supreme Court should not have entertained the petition because neither Gates nor the District Attorney was joined as a party to the proceeding. In view of the fact that the sole relief sought by petitioner was a declaration of the impropriety of respondent's closure ruling, rather than a disclosure of the proceedings of the preliminary hearing or of any other information which may have had some effect on the then pending murder trial, Supreme Court properly exercised its discretion in not requiring joinder *(see,* CPLR 1001 [b]; *Matter of Zubal v Ambach,* 103 AD2d 927, 929).

Equally unavailing is respondent's argument that the nature of a pretrial preliminary hearing and the specific statutory authority for the court to grant a defense motion for closure (CPL 180.60 [9]) distinguishes and makes inapposite the precedents relied on by Supreme Court, which have applied a qualified 1st Amendment right of access by the press and the public to criminal proceedings. In *Press-Enterprise Co. v Superior Ct. (supra),* the United States Supreme Court applied that doctrine to preliminary hearings as conducted under California law. It is true that there are differences in the preliminary hearings provided by California and New York, notably, that California guarantees such a hearing even after indictment and gives the defendant an absolute right to present exculpatory evidence *(see, supra,* at 11-12). We do not find, however, that these distinctions are significant under the analysis currently applied to determine whether proceedings before or separate from the actual criminal trial are subject to the same right of public access as the trial itself.

As noted in *Press-Enterprise v Superior Ct. (supra),* historically, the "near uniform practice" in preliminary hearings has been to open them to the public, even in those States whose procedures follow the 1850 New York Field Code of Criminal Procedure, the predecessor to the present New York statute, in permitting the court to grant closure at the request of the

accused *(supra,* at 10-11). New York's preliminary hearings also share many of the important aspects of an actual trial, i.e., witnesses are sworn to testify, each side is represented by counsel and the outcome is dependent on the resolution of factual matters *(see, Waller v Georgia,* 467 US 39, 46-47). Moreover, preliminary hearings, like suppression hearings, are commonly followed by plea negotiations resulting in the disposition of many criminal cases without a trial. Thus, the preliminary hearing may be the only opportunity to satisfy the " 'community therapeutic value' " of open criminal proceedings *(Press-Enterprise Co. v Superior Ct., supra,* at 13; *see, Gannett Co. v DePasquale,* 443 US 368, 397, n 1 [Powell, J., concurring]).

■ Open preliminary hearings are no more inherently subject to the risk of disclosure of prejudicial matters than are pretrial suppression or *Sandoval* hearings, both of which have been ruled in New York as falling under the rubric of the 1st Amendment right of access by the press and public *(see, Matter of Associated Press v Bell,* 70 NY2d 32, 38; *Matter of Capital Newspapers v Clyne,* 56 NY2d 870, 873). Nor is it significant that CPL 180.60 (9) permits closure on motion of a defendant. Closure is not mandatory, and the exercise of the court's discretion is governed by the strict procedural requirements which have developed in the case law (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 180.60, at 142). Therefore, we agree with the Fourth Department that the procedural requirements for overriding the qualified constitutional right of access must be met before the court may order closure of a preliminary hearing *(see, Matter of Johnson Newspaper Corp. v Parker,* 101 AD2d 708, 709, *appeal dismissed* 63 NY2d 673).

Clearly, those procedural requirements were not met here. Defense counsel for Gates spoke in favor of closure in only the most vague terms, that somehow in some unspecified way the paucity of evidence he expected would be introduced at the hearing would be prejudicial. In deciding in favor of closure, respondent did not make the requisite specific findings *"demonstrating* that first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, *reasonable alternatives to closure* cannot adequately protect the defendant's [fair] trial rights" *(Press-Enterprise Co. v Superior Ct., supra,* at 14 [emphasis supplied]). At most, the reasons propounded by defense counsel and respondent's findings established nothing

more than a "hypothetical risk of prejudice", insufficient to justify closure *(Matter of Associated Press v Bell, supra,* at 38).

In our view, petitioner's 1st and 14th Amendment rights were also violated by respondent's summary denial of the request for a short suspension of the hearing to enable counsel to be present to argue against closure. Respondent was required to give the members of the news media a meaningful opportunity to be heard on the magnitude of any genuine public interest and on any other factors weighing in favor of an open hearing and against the risk of prejudice from premature disclosures *(Matter of Gannett Co. v DePasquale,* 43 NY2d 370, 381, *affd* 443 US 368, *supra).* This includes the right to be heard by counsel *(Matter of Johnson Newspaper Corp. v Parker, supra).* Without minimizing the legitimacy of the security exigencies faced by respondent at the time, arising out of the anonymous death threats to Gates alluded to in respondent's answering affidavit, respondent clearly failed to consider any number of "reasonable alternatives" to depriving the media of an opportunity to be heard through counsel *(see, Press-Enterprise Co. v Superior Ct., supra).* For example, respondent could have invited the argument of counsel via the telephone or, at the least, offered to entertain such argument at the conclusion of the preliminary hearing on the issue of releasing a transcript thereof. Nor did respondent satisfactorily explain on the record, after being advised that counsel for one of the media representatives was en route to the hearing, why adequate security could not have been maintained during the perhaps one-hour delay until counsel could have arrived at the scene.

Accordingly, we concur with Supreme Court's conclusion that respondent's determinations on the closure motion were affected by an error of law.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.