■ In the Matter of the HERALD COMPANY et al., Petitioners, v WILLIAM F. O'BRIEN, III, Individually and as a Judge of the County Court of Madison County, et al., Respondents.— Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Madison County) to vacate an order of respondent Madison County Judge which prohibited petitioners from publishing certain evidence adduced at a suppression hearing.

In March 1988 respondent Candy G. Anderson was charged with murder in the second degree in connection with the death of her infant daughter. Anderson's inculpatory statement was introduced at a preliminary hearing which was open to the press and public. Petitioner the Herald Company, publisher of the Syracuse Post-Standard and the Syracuse Herald-Journal, published an account of the hearing, including a detailed exposition of the substance of Anderson's incriminating statement. Thereafter, subsequent to her arraignment in County Court, the Herald Company published another article referring to the content of Anderson's confession. Prior to the commencement of a June 1988 hearing to consider a defense motion to suppress the statement, Anderson, raising concerns that prejudice from pretrial disclosure of the statement could jeopardize an impartial jury trial, moved to close the courtroom to the press and public. Without making specific findings of fact, respondent Madison County Judge (hereinafter respondent) granted the closure motion to the extent of ordering that, although members of the press could

observe and report on the hearings, no news report could include the content of any statement made by Anderson to law enforcement officials.

Petitioners commenced this CPLR article 78 proceeding in June 1988 to vacate and prohibit enforcement of respondent's "gag" order as contrary to the 1st Amendment of the US Constitution. In July 1988, respondent issued a decision denying Anderson's motion to suppress her statement to the police and, upon reconsideration of the law and in light of his ruling that the statement was admissible, vacated and nullified the prior "gag" order. Soon thereafter, Supreme Court transferred the article 78 proceeding to this court. Respondent concedes that the "gag" order was an unconstitutional prior restraint but contends that he took appropriate action to reverse his prior decision, mooting the controversy, that the exception to the mootness doctrine does not apply and that, therefore, the proceeding must be dismissed. We agree and accordingly dismiss the petition.

We note at the outset that it is a fundamental principle of our jurisprudence that our duty to declare the law only arises out of and is limited to determining actual controversies between litigants before us (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of State Indus. Commn., 224 NY 13). Here, petitioners obtained the relief sought, the parties' rights cannot be affected by the determination of the proceeding, and it is, therefore, moot. Accordingly, the merits may not be addressed unless found to lie within the exception to the mootness doctrine permitting review of important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable (see, Roe v Wade, 410 US 113, 125). For such a finding, three common factors must exist: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715, supra; see, Nebraska Press Assn. v Stuart, 427 US 539, 546-547; Matter of Capital Newspapers Div. of Hearst Corp. v Lee, 139 AD2d 31, 34).

We are persuaded that the case before us fails to satisfy this test. The constitutional standards for closure of pretrial proceedings have been amply articulated (see, Nebraska Press Assn. v Stuart, supra; Matter of Associated Press v Bell, 70 NY2d 32; Matter of Capital Newspapers Div. of Hearst Corp. v Lee, supra), and no novel issue is presented here. Concluding

as we do that the proceeding is moot and not of the class which should be preserved for review, the petition should be dismissed.

Petition dismissed, as moot, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.