(April 19, 1990)

■ In the Matter of ASSOCIATED PRESS et al., Petitioners, v THADDEUS OWENS, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit the respondent, a Justice of the Supreme Court, from enforcing a ruling barring the public and press from attending pretrial hearings in a criminal action entitled *People v Fama* (Kings County indictment No. 2138/90) and, in effect, to unseal the transcripts of hearings held on April 6, 1990 and April 9, 1990.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the respondent is directed to conduct a hearing on the applications to exclude the public from hearings in compliance with the procedures set forth in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430), and to determine whether the transcripts of the hearings held on April 6, 1990 and April 9, 1990 should be made public, and the proceeding is otherwise dismissed.

This proceeding arises out of a criminal action in which Joseph Fama is charged under Kings County indictment No. 2138/90 with the August 1989 murder of Yusef Hawkins in the Bensonhurst area of Brooklyn.

The petitioning news organizations commenced this proceeding to prohibit the respondent from enforcing a ruling barring the public and the press from pretrial hearings and sealing the transcripts of those hearings. Hearings were held on April 6, 1990 and April 9, 1990, pursuant to *People v Cardona* (41 NY2d 333), to address the issue of whether the testimony of two potential prosecution witnesses should be suppressed on the ground that the witnesses were agents of law enforcement officials. The respondent directed that the hearings be closed to the public, and that the transcripts thereof be sealed, on the basis of an in camera request by the prosecutor predicated upon a concern for the safety of the witnesses, which was joined in by the defendant's attorney upon the ground that the premature disclosure of their testimony might prejudice his client. No advance notice of the hearings was provided to the petitioners, nor were they given any opportunity to be heard on the issue of closure. Upon learning of the closure ruling, the petitioners requested the respondent to provide them with an opportunity to be heard, to reconsider his ruling, and to unseal the transcripts of the hearings. That request was summarily denied.

When an application is made to exclude the public from a

pretrial hearing, the court must adhere to the following procedures set forth by the Court of Appeals in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430, 442, *supra):*

"Initially the motion to exclude the public from the pretrial proceeding must be made on the record, in open court. In support of the motion the defendant must demonstrate to the court a strong likelihood that evidence relevant and admissible at this particular hearing in this case would prejudice the defendant's trial if it were disclosed to potential jurors or would involve sordid matters expressly covered by section 4 of the Judiciary Law. If, during the course of the argument, it becomes necessary for counsel to introduce or tender specified items of proof, the public disclosure of which would create the very prejudice sought to be avoided or would itself involve disclosure of such sordid matters, defense counsel may further request that this portion of the argument be continued *in camera,* in the presence of counsel for the defendant and the prosecutor but out of the hearing of the public. In any event, all proceedings on the motion, whether in open court or *in camera,* should be recorded for appellate review.

"Should the court decide that it is necessary to close the hearing in order to protect the defendant's rights or pursuant to section 4 of the Judiciary Law, the reasons for closure shall be given in open court. The court, of course, shall be cautious in this pronouncement lest the expressed reasons create the prejudice or the disclosure sought to be avoided".

The respondent failed to follow these procedures which serve to balance the defendant's right to a fair trial with the public's right of access to criminal proceedings. Although *Leggett (supra)* refers only to the defendant's burden of proof on a closure application, where the People move to deny the public access to the criminal proceedings in order to prevent the disclosure of sensitive information, they must demonstrate a compelling governmental interest necessitating closure *(cf., Globe Newspaper Co. v Superior Ct.,* 457 US 596). Moreover, the respondent utterly disregarded his obligation to give interested members of the news media an opportunity to be heard on the issue of closure *(see, Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, *affd* 443 US 368; *Matter of New York Times Co. v Demakos,* 137 AD2d 247; *Matter of Capital Newspapers Div. v Lee,* 139 AD2d 31).

Although pretrial hearings have already been held, an issue remains as to whether the transcripts of those hearings should remain sealed. The respondent is therefore directed to conduct

a hearing, on notice to the petitioners and the parties in the criminal action, in a manner consistent with the procedures outlined in *Matter of Westchester Rockland Newspapers v Leggett (supra)*, to determine whether the transcripts should be made public. Pending that determination, the transcript shall remain sealed. Mangano, P. J., Bracken, Brown, Kooper and Harwood, JJ., concur.