OPINION OF THE COURT
Lawrence E. Kahn, J.
This proceeding seeks to enjoin the Governor of the State of New York (Governor), the Commissioner of the Department of Environmental Conservation (Commissioner) and all those *678 within their direction or control from engaging in any activity to promote passage of the Environmental Quality Bond Act (Bond Act) at the November 6,1990 general election. This case is not about the environment or about the merits of the Bond Act. It is about the expenditure of public funds as it relates to the Bond Act.
The law applicable to the relief sought herein is well settled. When an expenditure of public funds is involved, respondents may only engage in activity with respect to the Bond Act which educates, informs or urges the electorate to vote on the proposal at the November 6, 1990 general election. However, respondents may not use public moneys to attempt to persuade the electorate either to approve or disapprove the Bond Act (see, Matter of Phillips v Maurer, 67 NY2d 672, 674). Thus, the critical element in determining petitioner’s right to relief is the expenditure of public moneys. In Matter of Phillips, the challenged advertisement contained "information that, standing alone, would be considered a proper attempt to educate the public so that they will be better equipped to exercise their franchise.” (Supra, at 674.) However, the advertisement also contained language which the court found to be an attempt to persuade the electorate to vote favorably, and as such, restrained the expenditure of public funds therefor.
In the case at bar, there is no question of fact concerning the expenditure of State funds, thus, the only issue is whether respondents’ use of public moneys seeks to persuade or convey approval with respect to passage of the Bond Act.
A review of the pamphlet entitled, "Proposal One * * * To Protect New York’s Environment For Future Generations” leads inexorably to the conclusion that it has crossed the line between education of the public and an attempt to persuade the electorate to approve the Bond Act. Specifically, the slogan "Keep New York Clean and Green”, conveys the message that the Bond Act should be approved. Similarly, the message from the Governor which concludes, "It is the ultimate selfless act” seeks approval of the Bond Act. Respondents concede that materials which state "Vote Yes” or "Vote No” would be prohibited. They suggest that such an explicit statement is the only one that should be deemed to cross the line. However, such an approach is grossly simplistic and fails to recognize implicit, indirect persuasion which can influence a voter in the same way that an explicit message can. While the line *679 between informing the public and influencing the public may often be a vague one, respondents’ material in this case does not fall in the ambiguous gray area. Rather, the words, "Keep New York Clean and Green” and "It is the ultimate selfless act” are clearly intended to influence the voter rather than inform. Informative words convey facts, statistics and objective data. Respondents’ words do not convey information but are pure Madison Avenue slogans intended to promote the Bond Act and entice the voter to cast a "Yes” vote on the November ballot. State funds cannot be used for this purpose. The governmental view would most always prevail if its overwhelming financial resources could be used to support issues that are in the domain of the electorate. To hold otherwise would allow State government to monopolize the marketplace of ideas and to smother opposing opinions.
The words of Thomas Jefferson are even more essential in government today: "I know of no safe depository of the ultimate powers of the society but the people themselves, and if we think them not enlightened enough to exercise their control with a wholesome discretion, the remedy is not to take it away from them but to inform their discretion by education.”
Respondents have the responsibility to inform and educate the people and not to lead them by the nose into the voting booth.
Finally, petitioners contend that respondents should be enjoined from issuing any public statements on this Bond Act. This court can find no legal authority that prohibits public officials to express their views on matters of public concern. Public officials have the right of free speech, and in fact, have a responsibility to express their views on any issue which affects the electorate they serve.
The relief sought by the petition shall be granted to the extent that respondents shall be preliminarily enjoined from further expenditure of State funds to promote the Bond Act, including the distribution of the pamphlet entitled "Proposal One * * * To Protect New York’s Environment For Future Generations” and any other material containing the slogan "Keep New York Clean and Green”. In all other respects, the relief requested in the petition shall be denied and same shall be dismissed.