In the Matter of ROBERT L. SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, July 23, 1992

**APPEARANCES OF COUNSEL**

*Robert L. Schulz,* appellant *pro se,* and for others, appellants.

*Robert Abrams, Attorney-General (David A. Munro, Peter H. Schiff* and *Douglas H. Ward* of counsel), for respondents.

WEISS, P. J.

The 1990 session of the Legislature enacted the Twenty-First Century Environmental Quality Bond Act (L 1990, chs 146, 147) (hereinafter the Bond Act) and on May 14, 1990, respondent Governor signed the bill into law. The Bond Act authorized expenditures to (1) provide funding up to $1.975 billion for the acquisition of forest preserve, as well as lands for other significant environmental, historic or recreational purposes, (2) promote solutions to solid waste disposal problems, (3) enhance public use and enjoyment of recreational and historic lands and facilities, (4) improve water quality, and (5) provide assistance to municipalities for acquisition, development and improvement of recreational facilities, properties and parks (ECL art 54; see, Governor's Mem, 1990 McKinney's Session Laws of NY, at 2702-2705).

By order to show cause granted October 29, 1990 petitioners, appearing *pro se*, commenced this hybrid CPLR article 78 proceeding and action for a declaratory judgment seeking a declaration that the Bond Act was unconstitutional, null and void. Petitioners' principal argument before Supreme Court was that the bill violated the State Constitution because the debt authorized was not "for some single work or purpose" which, in turn, was "distinctly specified" (NY Const, art VII, § 11). "Coincidence [being] Fate's major weapon" (Trevanian, Shibumi, at 169 [1979]), the voters rejected the Bond Act on November 6, 1990. Respondents then moved on November 28, 1990 for an order pursuant to CPLR 3211 and 7804 (f) to dismiss the petition/complaint upon the ground that the challenge to the constitutionality of the Bond Act had been rendered moot. Supreme Court concluded that a determination of the controversy would not affect any actual rights of petitioners but, instead, would essentially be an advisory opinion. The court further determined that none of the factors which could qualify the instant controversy as an exception to the mootness doctrine existed *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715) and dismissed the matter. Petitioners have appealed.

We begin this somewhat brief response by noting that "it is a fundamental principle of our jurisprudence that our duty to declare the law only arises out of and is limited to determining actual controversies between litigants before us" *(Matter*

*of Herald Co. v O'Brien,* 149 AD2d 781, 782; *see, Matter of Hearst Corp. v Clyne, supra,* at 713).

Initially, it should be noted that petitioners had successfully challenged the State's activities to promote approval by the electorate of this same Bond Act *(see, Matter of Schulz v State of New York,* 148 Misc 2d 677). The appeal by petitioners from a portion of that judgment, which reached this court in May 1991 after the bill had been defeated in the November 1990 election, was dismissed on the ground of mootness *(see, Matter of Schulz v State of New York,* 175 AD2d 356). It is beyond cavil that we must reach the same disposition on this appeal.

We have been instructed that three common factors must be found to exist in a lawsuit to support a finding that the exception to the mootness doctrine may pertain. Those factors are "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" *(Matter of Hearst Corp. v Clyne, supra,* at 714-715). From our review of the record we are not persuaded that the underlying issue in this case, that is, the constitutionality of an intricate multifaceted program designed to benefit the environment, will again be passed by the Legislature, signed into law by the Governor, and presented to the electorate in exactly the same or similar form as the instant bill. Nor is there any reason to believe that the constitutional challenges mounted by petitioners, or in their absence some other similarly concerned citizen-taxpayers, would not again be made, obviating the danger that such an act would typically evade review. Finally, we cannot agree that the instant challenge is a novel one *(see, New York Pub. Interest Research Group v Carey,* 59 AD2d 172, *revd on other grounds* 42 NY2d 527). As a result, we must hold that the three-prong test established in *Matter of Hearst Corp. v Clyne (supra) (see also, Matter of Gold-Greenberger v Human Resources Admin.,* 77 NY2d 973) has not been satisfied and that the exception to the doctrine of mootness cannot be applied in this case.

In sum, we hold that Supreme Court was correct in all respects in its dismissal of the petition/complaint.

Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur.

Ordered that the judgment is affirmed, without costs.