■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents. [607 NYS2d 166] — Cardona, P. J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered August 21, 1992 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint as moot.

Petitioners commenced this matter seeking to enjoin respondents from conducting a planned Environmental Sabbath service on April 26, 1992 at the Adirondack Park Visitor Interpretive Center in Paul Smiths, Franklin County, in cele-

issue abandoned *(see, Lynch v Adirondack Tr. Lines,* 169 AD2d 904, 905; *Lamphear v State of New York,* 91 AD2d 791).

bration of Earth Day. Petitioners contend that the service would violate the Establishment Clause of the US Constitution. Petitioners obtained a temporary restraining order on April 24, 1992 which prohibited respondents from allowing the use of any State property for the purpose of any religious or worship activities, including the use of the Adirondack Park Visitor Interpretive Center for conducting the Environmental Sabbath. The planned service was moved to a local church.

Because the planned event did not take place on State property and respondent Chair of the Adirondack Park Agency declared that the Agency had no present or future plans to organize, promote or sponsor any similar such events, Supreme Court concluded that the underlying controversy had been rendered moot and that a judicial determination relative to the injunctive or declaratory relief sought would constitute the rendering of an advisory opinion.

We agree. " '[I]t is a fundamental principle of our jurisprudence that our duty to declare the law only arises out of and is limited to determining actual controversies between litigants before us' " *(Matter of Schulz v State of New York,* 182 AD2d 3, 4-5, *appeal dismissed* 80 NY2d 924, *lv denied* 80 NY2d 761, quoting *Matter of Herald Co. v O'Brien,* 149 AD2d 781, 782). We are not persuaded that this case satisfies the three-prong test for the application of the exception to the doctrine of mootness established in *Matter of Hearst Corp. v Clyne* (50 NY2d 707, 714-715). Upon review of this record we first determine that it is unlikely that the same or similar form of "Environmental Sabbath" on State property will recur. Second, there is nothing in the record to suggest that this is the type of phenomenon which typically evades judicial review *(see, Matter of Capital Dist. Greens v City of Albany,* 195 AD2d 767). Third, the issue presented here is not novel for courts have often had occasion to address Establishment Clause challenges *(see, Grumet v Board of Educ.,* 81 NY2d 518, *cert granted* — US —, 114 S Ct 544; *see also, Lynch v Donnelly,* 465 US 668; *Marsh v Chambers,* 463 US 783).

Mikoll, Crew III, White and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.

In December 1983, defendant Greenbriar Properties I purchased from defendant Douglas R. Williams certain real property known as the Valley View Apartments located in Broome County. Plaintiff made a bridge loan to Greenbriar to facilitate the purchase and Greenbriar assumed a first mortgage held on the premises by the State Comptroller. Additionally, Greenbriar gave Williams, *inter alia,* a mortgage (hereinafter the Williams mortgage), which ultimately was assigned to defendant Binghamton Savings Bank. Under the terms of the Williams note and mortgage, Greenbriar was to make monthly payments, with any unpaid principal balance and accrued interest due and payable on December 31, 1990.