■ In the Matter of GLENS FALLS NEWSPAPERS, INC., Doing Business as THE POST-STAR, Petitioner, v PHILIP A. BERKE, as Judge of the County Court of Washington County, Respondent. [614 NYS2d 628] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia,* review a determination of respondent which excluded all members of the public and press from a pretrial hearing in a criminal action.

Petitioner, publisher of the Post-Star,[1] commenced this proceeding to vacate an order that excluded the public and the press from a pretrial hearing held in Washington County on February 18, 1994 which resulted from a defense application in the underlying criminal action to recuse respondent from presiding over the defendants' trial in Fulton County.[2] Respondent's oral direction also sealed the papers in support of the recusal application.

Because our review of the sealed transcript of the recusal hearing fails to disclose a specific finding demonstrating a substantial probability that the defendants' right to a fair trial would be prejudiced by publicity concerning recusal, we conclude that closure was improper *(see, Matter of Associated Press v Bell,* 70 NY2d 32, 39). Petitioner should have been given an opportunity, through counsel, to appear and be heard in opposition to closure *(see, Matter of Herald Co. v Weisenberg,* 59 NY2d 378; *Matter of Johnson Newspaper Corp. v Parker,* 101 AD2d 708, 709, *appeal dismissed* 63 NY2d 673). Furthermore, since a finding denying public and media access to the hearing would not have had support in this record *(see, Matter of Associated Press v Bell, supra),* there is no basis to deny petitioner access to the defendants' papers submitted to County Court on the recusal application *(see, People v Burton,*

---

1. The Post-Star is a daily and Sunday morning newspaper that circulates in the Warren County and Washington County area.

2. By an order dated November 4, 1993, this Court granted the defendants' motion to change venue and directed that the indictment and action be removed from the County Court of Washington County to the County Court of Fulton County.

189 AD2d 532, 535). Accordingly, we annul respondent's determination to close the hearing and grant the petition; petitioner is entitled to access to the stenographic minutes of the recusal hearing and access to the defendants' papers in County Court's file which were submitted in support of the recusal application.

Mikoll, Crew III, White and Casey, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.