[639 NYS2d 501]

In the Matter of CAPITAL FINANCIAL CORPORATION, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents.

Third Department, March 7, 1996

APPEARANCES OF COUNSEL

*Robert J. DeLasho,* Yonkers, for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Denise A. Hartman* and *Nancy A. Spiegel* of counsel), for respondents.

OPINION OF THE COURT

MERCURE, J.

In connection with its business of obtaining mortgages, petitioner incurs liability as a corporate mortgagee for payment of the "special additional mortgage recording tax" in cases where the mortgaged premises consist of "real property principally improved or to be improved by one or more structures containing in the aggregate not more than six resi-

dential dwelling units" (Tax Law § 253 [1-a] [a]). Under Tax Law § 210 (17) (a), taxpayers are allowed a credit against the corporation franchise tax imposed by Tax Law article 9-A for the amount of special additional mortgage recording tax paid, except that the franchise tax may not be reduced below a certain floor, computed in accordance with Tax Law § 210 (17) (b). Generally, any unused portion of the credit may be carried over to the following year or years and applied against the franchise tax for that year or years (*see*, Tax Law § 210 [17] [b]).

At issue in this proceeding is a 1986 amendment to Tax Law § 210 (17) (former [b]), which added the proviso that a credit attributable to special additional mortgage recording tax that was due and paid in any taxable year beginning before January 1, 1986 shall not be carried over to taxable years beginning on or after January 1, 1986 and, further, that for taxable years beginning on or after January 1, 1986 and before January 1, 1990, in lieu of carrying over, the taxpayer may elect to treat the unused portion of the credit as an overpayment of tax to be credited or refunded in accordance with Tax Law § 1086, except that no interest shall be paid thereon (L 1986, ch 638, § 3). In this proceeding, petitioner challenges a determination of respondent Tax Appeals Tribunal that by operation of the foregoing amendment to Tax Law § 210 (17) (former [b]), it lost the benefit of an unused credit in the amount of $119,906 that had accumulated as of the close of 1985, primarily contending that it has been deprived of a valuable property right in violation of the Due Process and Equal Protection Clauses under both the State and Federal Constitutions (*see*, US Const 5th, 14th Amends; NY Const, art I, § 11).

■ As a preliminary matter, we note that, although appropriate for the branch of the petition seeking annulment of the Tribunal's determination, a CPLR article 78 proceeding is not the proper vehicle for challenging the constitutionality of a statute (*see*, *Press v County of Monroe*, 50 NY2d 695, 702). Accordingly, we shall convert the matter to a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (*see*, CPLR 103 [c]).

■ Turning now to the merits, there is no question that the subject amendment had the negative effect of depriving petitioner and similarly situated taxpayers of the benefit of the unused credit that had accumulated prior to January 1, 1986, as the unused credit could neither be carried over into 1986 or subsequent years nor refunded to petitioner. We agree with

respondents, however, that petitioner has failed to satisfy its heavy burden of demonstrating the unconstitutionality of Tax Law § 210 (17) (former [b]), as amended by Laws of 1986 (ch 638, § 3; *see, Brady v State of New York*, 80 NY2d 596, 602, *cert denied* 509 US 905, 113 S Ct 2998; *41 Kew Gardens Rd. Assocs. v Tyburski*, 70 NY2d 325, 333-335; *Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915). Petitioner is simply incorrect in the contention that it had a vested property right in the special additional mortgage recording tax credits it had earned, but did not use, prior to January 1, 1986. To the contrary, "[s]ince tax legislation is not a governmental promise, [one] has no vested or actionable right * * * to the benefit of a tax statute or regulation" (*Matter of Varrington Corp. v City of N. Y. Dept. of Fin.*, 85 NY2d 28, 33). In sharp contrast to claims arising out of an actual overpayment of tax (*compare, McKesson Corp. v Florida Alcohol Tobacco Div.*, 496 US 18), in this case petitioner has no vested entitlement to a continuation of the legislative favor of permitting excess credits to be applied against future tax liabilities. The simple fact is that "the Legislature has very nearly unconstrained authority in the design of taxing impositions" (*Matter of Long Is. Light. Co. v State Tax Commn.*, 45 NY2d 529, 535).

■ We are similarly unpersuaded by petitioner's equal protection claim. We first note that, because neither the exercise of a fundamental right nor a suspect classification is at issue (*see, Trump v Chu, supra*), the statute "must be upheld if the challenged 'classification is rationally related to achievement of a legitimate state purpose' " (*Matter of Union Carbide Chems. & Plastic Co. v Tax Appeals Tribunal*, 213 AD2d 807, 809, *appeal dismissed* 85 NY2d 1031, *lv denied* 86 NY2d 710, quoting *Western & S. Life Ins. Co. v Board of Equalization*, 451 US 648, 657). Although the statute's negative impact is limited to those corporate taxpayers carrying excess credits at the close of 1985, "[n]either the Federal nor State Constitution requires that all taxpayers be treated identically, only that those similarly situated be treated uniformly" (*Matter of Union Carbide Chems. & Plastic Co. v Tax Appeals Tribunal, supra*, at 809). Thus, even accepting the claim that the amendment can be viewed as "singling out 1985 filers", petitioner failed to establish legislative action that distinguished between taxpayers in a fashion that was " 'palpably arbitrary' " or tantamount to " 'invidious discrimination' " (*Trump v Chu*, 65 NY2d 20, 25, *supra*; *see, Matter of Aetna Cas. & Sur. Co. v Tax Appeals Tribunal*, 214 AD2d 238; *Matter of Willett v Dugan*, 161 AD2d 900, 901, *lv denied* 76 NY2d 708).

Petitioner's remaining contentions, including those concerning the effect of a 1991 amendment to Tax Law § 1086 (a) and petitioner's entitlement to interest on a 1986 franchise tax refund, have been considered and found unavailing.

CARDONA, P. J., WHITE, PETERS and SPAIN, JJ., concur.

Adjudged that the determination is confirmed, without costs; proceeding converted to a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, so much of the petition as seeks annulment of respondents' determination is dismissed, and it is declared that Tax Law § 210 (17) (former [b]), as amended by Laws of 1986 (ch 638, § 3), has not been shown to be unconstitutional on its face or as applied to petitioner.