■ MINA BECHER, Respondent, v YEHUDAH BECHER, Appellant. [667 NYS2d 50] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated March 13, 1996, which, *inter alia,* denied his motion for a judgment declaring Domestic Relations Law § 236 (B) (5) (h); (6) (d) unconstitutional.

Ordered that the order is reversed, on the law, without costs or disbursements, and the husband's motion is dismissed.

Prior to the trial of this action, the husband moved for a judgment declaring Domestic Relations Law § 236 (B) (5) (h); (6) (d) unconstitutional. These statutes provide that, where appropriate, the court shall consider the effect of a barrier to remarriage when determining equitable distribution and maintenance. Here, the husband had refused to deliver to the wife a Get (a Jewish religious divorce). In response to the husband's motion the wife waived all of her rights under Domestic Relations Law § 236 (B) (5) (h); (6) (d). The wife requested that the court dismiss the husband's motion as moot. The court found that the motion was not moot, but denied the motion to declare the statutes unconstitutional.

The Supreme Court should have found that the underlying controversy had been rendered moot and that the judicial determination sought would constitute the rendering of an advisory opinion. " ' "[I]t is a fundamental principle of our jurisprudence that our duty to declare the law only arises out of and is

limited to determining actual controversies between litigants before us"'" (*Matter of Schulz v State of New York,* 200 AD2d 936, 937, quoting *Matter of Schulz v State of New York,* 182 AD2d 3, 4-5). In this case, because the wife waived her rights to have the husband's failure to deliver a Get considered on the issues of equitable distribution and maintenance, there is no dispute between the parties which must be resolved. Moreover, this case does not qualify as an exception to the mootness doctrine (*see, Matter of Gold-Greenberger v Human Resources Admin.,* 77 NY2d 973). Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.