In the Matter of BUFFALO NEWS, a Division of BERKSHIRE-HATHAWAY, INC., et al., Petitioners, v LARRY M. HIMELEIN, as Cattaraugus County Court Judge, et al., Respondents. [692 NYS2d 247] —Petition unanimously dismissed without costs. Memorandum: By order to show cause, petitioners, two newspapers and a news service, commenced this CPLR article 78 proceeding seeking a judgment compelling the release of an unredacted transcript of a preliminary hearing held in Salamanca City Court in an underlying criminal prosecution. The hearing had been closed and the records sealed by the City Court Judge at the request of defense counsel and without opposition by the Cattaraugus County District Attorney. Following the hearing, City Court found reasonable cause to believe that defendant had committed a felony, and issued an order holding defendant for action by the Grand Jury. The case was then transferred to Cattaraugus County Court. Petitioners brought an application in County Court under the caption of the criminal action, contending that the City Court Judge improperly closed the hearing and seeking the release of the transcript of the hearing as well as all evidence received at the hearing. Petitioners did not name the City Court Judge as a respondent in that proceeding. By letter to the parties, County Court expressed concern whether it had jurisdiction over the matter, and a return date was not fixed.

Petitioners then commenced this CPLR article 78 proceeding in this Court, naming the County Court and City Court Judges as respondents. Petitioners contend that this Court has jurisdiction over the County Court Judge because County Court, by its inaction, is perpetuating the error of City Court, "which constitutes a continuing violation of the rights of Petitioners".

We dismiss the petition. Petitioners' application in County Court is procedurally improper. Petitioners should have commenced a CPLR article 78 proceeding in Supreme Court, naming the City Court Judge as a respondent (see, CPLR 7804 [b], [i]; see, e.g., Matter of Johnson Newspaper Corp. v Parker, 101 AD2d 708, appeal dismissed 63 NY2d 673). Consequently, County Court has no jurisdiction to entertain the application pending before it, and this Court cannot compel a County Court Judge to render a decision in a proceeding over which it has no jurisdiction. (Original Proceeding Pursuant to CPLR art 78.)

Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ. (Filed May 28, 1999.)