■ In the Matter of CLEAR CHANNEL COMMUNICATIONS, INC., et al., Petitioners, v LARRY J. ROSEN, as County Judge of Albany County Court, et al., Respondents. [692 NYS2d 812] —Peters, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent County Judge of Albany County which prohibited the use of audio-visual coverage in the courtroom during trial proceedings in a criminal action.

Petitioners moved by order to show cause dated February 16, 1999, for permission to intervene in the trial of People v McKenna and Bonanni scheduled to commence in Albany County Court on March 10, 1999. They sought a declaration that Civil Rights Law § 52 was violative of the State Constitution to the extent that it prohibited the audio-visual coverage and televising of such proceedings. By decision and order dated March 3, 1999, respondent County Judge of Albany County (hereinafter respondent) granted leave to intervene but declined to declare Civil Rights Law § 52 unconstitutional, warranting the refusal of petitioners' request to televise the trial. In so doing, respondent recognized that while the Legislature had authorized and implemented an experimental program in December 1987, continued by successive enabling legislation until June 30, 1997, whereby trial courts were given discretion to permit audio-visual coverage of judicial proceedings (see, Judiciary Law § 218), such legislation expired and, therefore, Civil Rights Law § 52 resumed its applicability. Upon its current status, and notwithstanding a predisposition towards allowing the use of cameras in the courtroom, respondent found no basis upon which Civil Rights Law § 52 could be declared unconstitutional.

Jury selection for the trial commenced as scheduled. On March 15, 1999, the Court of Appeals dismissed petitioners' direct appeal from the March 3, 1999 order since "no civil appeal lies from the order entered in this criminal action". On March 22, 1999, petitioners commenced this CPLR article 78 proceeding seeking to vacate and enjoin the enforcement of respondent's order. Two days thereafter, respondents Sean McKenna and William Bonanni were acquitted by a jury. On March 29, 1999, respondent cross-moved to dismiss the peti-

tion on the ground of mootness. This Court, *inter alia*, denied the motion without prejudice to the issue being raised upon appeal.

Reviewing first whether petitioners' action for prohibition is the appropriate procedural vehicle, it is well settled that this "extraordinary remedy * * * lies only where there is a clear legal right and only when the body or officer 'acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction'" (*Matter of Dondi v Jones*, 40 NY2d 8, 13, quoting *Matter of State of New York v King*, 36 NY2d 59, 62; *see, Matter of Cloke v Pulver*, 243 AD2d 185). Although its use has been countenanced "where a fundamental constitutional right is threatened" (*Matter of Pryor v Greenberg*, 247 AD2d 711, 711-712), we do not find, upon our review, that petitioners had a "clear legal right" to demand that cameras be permitted in the courtroom (*Matter of Dondi v Jones, supra*, at 13) since respondent merely complied with the provisions of Civil Rights Law § 52 as it currently exists. Further, because a CPLR article 78 proceeding is not the proper mechanism by which the constitutionality of a legislative enactment can be challenged (*see, Press v County of Monroe*, 50 NY2d 695, 702), the action was, in our view, improperly commenced. Noting that we could remedy such procedural infirmity by our conversion of this proceeding to one for a declaratory judgment (*see*, CPLR 103; *Matter of Capital Fin. Corp. v Commissioner of Taxation & Fin.*, 218 AD2d 230, *appeal dismissed* 88 NY2d 874, *lv denied* 88 NY2d 811), we first address whether the instant proceeding became moot when the trial which petitioners sought to televise was concluded by the acquittal of McKenna and Bonanni.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713). These constraints are paramount unless and until an exception to the mootness doctrine, which condones a "review [of] important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (*id.*, at 714; *see, Roe v Wade*, 410 US 113, 125; *Matter of Herald Co. v O'Brien*, 149 AD2d 781, 782), can be demonstrated. Three factors must be shown: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and

(3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne, supra,* at 714-715). In our view, this case does not present such an exception.

Unlike closure cases (*see, e.g., Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430) where a petitioner would be unable to ascertain, in advance, whether the proceedings will be closed, thereby precluding effective review of that court's determination before the case it wished to report upon has been concluded (*see, e.g., Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, *affd* 443 US 368), we are here presented with a constitutional challenge to a statute that has been in existence since 1952. The enabling legislation that circumvented the statute for 10 years has not been effective since June 30, 1997 (*see,* Judiciary Law § 218). By these facts, it is clear to us that there existed numerous opportunities and sufficient time for petitioners to have brought a declaratory judgment action challenging this statute's constitutionality.

Concerning this particular criminal trial, we note that by order entered December 30, 1998, we reinstated the underlying indictment (*see, People v McKenna,* 250 AD2d 240, *lvs denied* 93 NY2d 850, 855, *appeal dismissed* 93 NY2d 859). Since we will not find this issue to qualify as an exception to the mootness doctrine solely by virtue of petitioners' delay, we decline further review.

Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.