■ In the Matter of DAILY NEWS, L. P., et al., Petitioners, v JOSEPH C. TERESI, as Justice of the Supreme Court, Albany County, Respondent. [712 NYS2d 704] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application in a criminal action for an order authorizing public access to materials received in evidence during the trial of the action.

Petitioners are seven news organizations that claim they were prohibited from inspecting or copying documentary exhibits admitted in evidence in the criminal trial of four New York City police officers charged with murder and reckless endangerment in connection with the death of Amadou Diallo. During the course of the trial, petitioners moved for an order authorizing access to the materials received in evidence. Respondent denied the motion finding that petitioners' broad request for unrestricted access "would pose a significant risk of impairing the integrity of the evidence and interfer[e] with the orderly conduct of the trial" (*People v Boss*, Sup Ct, Albany County, Feb. 17, 2000, Teresi, J., slip opn, at 4). Following the conclusion of the trial and the acquittal of the criminal defendants, petitioners brought this proceeding seeking judgment against respondent (1) declaring that the public has a right to inspect documents admitted into evidence* during a criminal trial unless specific findings of fact are made, after public notice and an opportunity to be heard, demonstrating that the sealing of a particular exhibit is necessary to preserve a defendant's right to a fair trial, that no less restrictive alternatives are available and that the sealing order is drawn as narrowly as possible, (2) declaring that respondent's February 17, 2000 order violated the constitutional and common-law right of access, was in violation of lawful procedure and in excess of his authority, (3) directing that petitioners have access to specified documentary exhibits, and (4) enjoining respondent from sealing trial exhibits without the requisite factual findings.

This Court has previously observed that, " '[i]t is a fundamental principle of our jurisprudence that the power of a court to declare the law arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal' " (*Matter of Clear Channel Communications v Rosen*, 263 AD2d 663, 664, quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713; *see, Matter of Schulz v State of New York*, 200 AD2d 936, 937, *appeal dismissed* 83 NY2d 905; *Matter of Schulz v State of New York*, 182 AD2d 3, 4-5, *appeal dismissed* 80 NY2d 924, *lv denied* 80 NY2d 761). The instant proceeding no longer presents a live controversy. It became moot when, following the acquittals of the criminal defendants and the return of the trial exhibits to the parties, respondent exempted the exhibits from his sealing order (*see*, CPL 160.50), effectively terminating his control over them.

---

* To the extent that the applications made by petitioners during the course of the trial sought nondocumentary exhibits or material not received in evidence, such requests are not now sought and are deemed waived.

Inasmuch as the parties' rights can no longer be affected by a determination in this proceeding, it should not be decided unless it falls within the exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne, supra,* at 714). The three prongs of the doctrine which must be satisfied are as follows: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*id.,* at 714-715). The pivotal issue presented here, which concerns the presumptive common-law right of the press to inspect trial exhibits contemporaneously with their introduction into evidence, has already been addressed by this Court as well as others (*see, Nixon v Warner Communications,* 435 US 589; *Matter of Hearst Corp. v Vogt,* 62 AD2d 840; *In re National Broadcasting Co.,* 635 F2d 945) and it is clear that a blanket denial is violative of that right (*see, Matter of Hearst Corp. v Vogt, supra*).

The fact that this was a highly publicized and controversial criminal trial does not change this well-established right. Although this Court is mindful of the very difficult circumstances which may be presented to a Trial Justice in a high profile case and appreciates a Trial Justice's responsibility to balance the public access rights of the media against the fair trial rights of a criminal defendant and the prosecution, existing law does not permit the blanket denial of access to documentary trial exhibits. In the event the number of actual requests for access threatens to interfere with the orderly conduct of a trial, pooling requirements may be established. Therefore, the issue presented in this case does not "present a substantial, novel question that is likely to recur yet evade review" (*Matter of Saratoga Harness Racing v Corbisiero,* 216 AD2d 776, 778; *see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). In our view, since petitioners have failed to establish all three prongs of the test for the application of the exception to the mootness doctrine, the petition must be dismissed.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.