■ In the Matter of PECONIC BAYKEEPER, INC., et al., Appellants, v SUFFOLK COUNTY LEGISLATURE et al., Respondents. [791 NYS2d 838]—In a hybrid proceeding pursuant to CPLR article 78 to review Resolution No. 193-2002 of the respondent Suffolk County Legislature, which, upon issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), approved a Vector Control Plan for 2002, and an action, inter alia, to enjoin the Suffolk County Department of Public Works, Division of Vector Control, from commencing work under the Vector Control Plan for 2002, the petitioners appeal (1) from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered May 9, 2003, which denied the petition, dismissed the proceeding, and, in effect, dismissed the action, and (2), as limited by their brief, from so much of an order of the same court dated September 23, 2003, as denied that branch of their motion which was for leave to renew the petition.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court correctly dismissed this CPLR article 78 proceeding. The court correctly determined that the hybrid proceeding and action were moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]), and that the exception to the mootness doctrine did not apply (see Matter of Many v Village of Sharon Springs Bd. of Trustees, 234 AD2d 643, 644 [1996]; Matter of Schulz v State of New York, 200 AD2d 936, 937 [1994]).

The petitioners' remaining contentions either are academic or without merit. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.