In the Matter of JEFFREY SEYMOUR, Petitioner, v JONATHAN D. NICHOLS, as Columbia County Judge, Respondent. [801 NYS2d 426]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a pistol permit.

Petitioner was denied a pistol permit on the ground that the revocation of his prior pistol permit posed an automatic bar to reissuance pursuant to Penal Law § 400.00 (1) (e). Petitioner then commenced this CPLR article 78 proceeding, initiated in this Court (*see* CPLR 506 [b] [1]), seeking a declaration that Penal Law § 400.00 (1) (e) is unconstitutional.

Initially, because petitioner seeks a declaration that the stat-

ute is unconstitutional per se, we will convert this proceeding into a declaratory judgment action pursuant to CPLR 103 (c) (*see Matter of Clear Channel Communications v Rosen*, 263 AD2d 663, 664 [1999]; *Matter of Consolidated Rail Corp. v Tax Appeals Trib. of State of N.Y.*, 231 AD2d 140, 142 [1997]; *Matter of Capital Fin. Corp. v Commissioner of Taxation & Fin.*, 218 AD2d 230, 232 [1996]).

Turning to the merits, petitioner's first claim that Penal Law § 400.00 (1) (e) violates procedural due process because it does not afford a hearing to applicants seeking reissuance is unavailing. As long as an applicant is provided with an opportunity to be heard in connection with the prior revocation proceeding underlying the denial of the reissuance—which is reviewable by way of a timely CPLR article 78 proceeding—we see no need for an additional hearing in cases such as this where an application is denied based solely upon the prior revocation (*see Matter of Vale v Eidens*, 290 AD2d 612, 613 [2002]; *Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, 443-444 [1986]; *see generally Mathews v Eldridge*, 424 US 319 [1976]).

We also reject petitioner's claim that Penal Law § 400.00 (1) (e) violates equal protection by facially discriminating against those applicants whose previous permits were revoked. Inasmuch as there is no suspect class or fundamental right involved here (*see Matter of Demyan v Monroe*, 108 AD2d 1004, 1005 [1985]), the statute will be upheld if it is rationally related to the achievement of a legitimate state objective (*see Empire State Assn. of Adult Homes v Perales*, 142 AD2d 322, 324 [1988]). We find a rational relationship to a legitimate governmental interest in that the Legislature's licensing scheme prevents an applicant whose previous permit was revoked from receiving a new one and insures that only persons of acceptable background and character are permitted to carry handguns. Indeed, " '[t]he State has a substantial and legitimate interest . . . in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument' " (*Matter of Manne v Main*, 8 AD3d 790, 791 [2004], quoting *Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976]; *see Matter of Gerard v Czajka*, 307 AD2d 633, 633 [2003]). Accordingly, petitioner has failed to overcome the strong presumption of constitutionality that attaches to a duly enacted statute (*see LaValle v Hayden*, 98 NY2d 155, 161 [2002]).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the proceeding is converted to an action for a declaratory

judgment, without costs, it is declared that Penal Law § 400.00 (1) (e) has not been shown to be unconstitutional, and determination confirmed.