■ In the Matter of CITY OF NEW YORK, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [862 NYS2d 858]—

Stein, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered January 28, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding that a proposal submitted by respondent Patrolmen's Benevolent Association of the City of New York, Inc. was a mandatory subject of collective bargaining.

In July 2006, while petitioner and respondent Patrolmen's Benevolent Association of the City of New York (hereinafter PBA) were negotiating a collective bargaining agreement, petitioner filed a declaration of impasse. Petitioner then filed a petition for arbitration and thereafter sought a declaratory ruling to determine which of PBA's proposals were mandatory subjects of negotiation. One of the proposals was for premium pay due to a lack of negotiable disciplinary procedural protections (hereinafter premium pay proposal). Petitioner and PBA stipulated to facts, and an Administrative Law Judge (hereinafter ALJ) issued a recommended declaratory ruling and decision finding, among other things, that the premium pay proposal was a mandatory subject of negotiation. Petitioner took exception to the ruling and respondent Public Employment Relations Board (hereinafter PERB) upheld the ALJ's determination. Petitioner then commenced this CPLR article 78 proceeding seeking annulment of PERB's determination. Supreme Court dismissed the petition and upheld PERB's determination, prompting this appeal.

During the pendency of this appeal, the arbitration panel issued an award, thereby finalizing the negotiations for the July 2004 to July 2006 labor contract between petitioner and PBA. As a result, all parties agree that this appeal is now moot. However, petitioner and PBA contend that this matter falls within the exception to the mootness doctrine. We disagree.

"It is a fundamental principle of our jurisprudence that the

power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980] [citations omitted]). The mootness doctrine has been held to be paramount unless and until an exception is established by demonstrating: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*id.* at 714-715; *see Matter of Daily News v Teresi*, 275 AD2d 812, 814 [2000]).

We find that there has been no demonstration that the issue raised here would typically evade review. Petitioner and PBA have both taken the position that the renewal of PBA's premium pay proposal in the next round of contract negotiations is all but inevitable. It is also conceivable that such a proposal will be made in negotiations between other cities and their police benevolent associations. If that proves to be the case, any negotiating party may seek a declaratory ruling or declaratory judgment when the proposal is first made, rather than waiting until the parties have reached an impasse and proceeded with arbitration, so as to obtain review before the arbitration process is complete (*see* 4 NYCRR 210.1). Since petitioner has failed to demonstrate that this case falls within the exception to the mootness doctrine, the appeal must be dismissed (*see Matter of NRG Energy, Inc. v Crotty*, 18 AD3d 916, 920 [2005]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.