■ In the Matter of COLLIN Q., a Child Alleged to be Neglected. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENNIS Q., Appellant. (And Another Related Proceeding.) [762 NYS2d 528] —Appeals from two orders of the Family Court of Warren County (Breen, J.), entered December 24, 2002, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, for temporary orders of protection.

Respondents, the parents of Collin (born in 1992), had been home schooling theri son for at least three years. Petitioner commenced these separate proceedings against respondents under Family Ct Act article 10, alleging, in essence, educational neglect by reason of respondents' failure to file the necessary quarterly reports and the latest individualized home instruction plan. Following a hearing, Family Court issued temporary orders of protection which directed respondents to "[t]ake the necessary and proper steps to enroll and ensure Collin's attendance at a public, private or parochial school of their choice."

The sole issue raised on this appeal, as defined in their brief, is whether, before trial and without proof of actual neglect, the government can interfere with parents' constitutional rights to direct their child's education. This appeal is moot for two reasons. First, the temporary order expired by its own terms on May 8, 2003. Second, during the pendency of this appeal, the neglect proceeding came to trial, at which time respondents admitted their failure to provide Collin with an education in accordance with Education Law article 65, and an order was entered April 18, 2003 adjudging Collin a neglected child within the definition of Family Ct Act § 1012 (see *Matter of*

*Curtis N.*, 302 AD2d 803, 803 [2003]; *Matter of Senator NN.*, 305 AD2d 819, 820 [2003]). We find that no exception to the mootness doctrine applies herein (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *see also Matter of Daily News v Teresi*, 275 AD2d 812, 814 [2000]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.