— Kavanagh, J.
Appeal from an order of the Family Court of Washington County (Pritzker, J.), entered April 2, 2008, which, in a proceeding pursuant to Family Ct Act article 10, directed petitioner to return respondent’s son to her.
Respondent has five children, the oldest is Tylor (born in 1997) and the youngest is Montanna (born in 2007). Petitioner commenced this proceeding seeking the removal of respondent’s four youngest children from her care as the result of an incident that occurred in November 2007. During that incident, Tylor was playing with a knife and it became lodged in Montanna’s hand.[1] At the initial appearance before Family Court, the parties agreed that only Tylor would be removed from the home. While respondent consented to Tylor’s removal, she specifically reserved her right to request that a hearing be held pursuant to Family Ct Act § 1028 to determine if circumstances would permit Tylor’s return to her care and custody. An issue then arose as to where Tylor should be placed. The court, in an attempt to resolve this issue, conducted an inquiry as to the suitability of Tylor’s maternal grandmother to take custody of him. By order dated November 27, 2007, Family Court placed Tylor with his grandmother pursuant to Family Ct Act § 1017 (2) (a) (ii).[2]
When respondent subsequently exercised her right and requested that Family Court conduct a Family Ct Act § 1028 hearing for the return of Tylor to her custody, petitioner objected, arguing that Tylor had been removed from respondent’s custody pursuant to Family Ct Act § 1027, and, therefore, *1009 a Family Ct Act § 1028 hearing could not be held.[3] Noting that when she agreed to Tylor’s placement with the grandmother, respondent expressly reserved her right to a Family Ct Act § 1028 hearing—and that petitioner had agreed to respondent’s reservation of that right—Family Court conducted the hearing over petitioner’s objection and ordered that Tylor be returned to respondent’s custody. In that regard, the court held that it had removed Tylor from respondent’s custody as a result of the agreement between petitioner and respondent, and that the only inquiry it had conducted was pursuant to Family Ct Act § 1017 (1) (a), which was designed to determine if the grandmother was a suitable person with whom Tylor could reside. Petitioner now appeals from that order.
We agree with the Law Guardian that the appeal is moot. During the pendency of this appeal, the parties consented, on June 24, 2008, to have Family Court issue an order that included a finding of neglect without admission against respondent. In connection with that order, the parties agreed that Tylor would reside in the family home with respondent. Therefore, contrary to petitioner’s claim, the exception to the mootness doctrine does not apply, and this appeal must be dismissed as moot (see Matter of Kiearah P., 46 AD3d 958, 959 [2007]; Matter of Cheyenne QQ., 39 AD3d 1044, 1045 [2007]; Matter of Collin Q., 307 AD2d 639, 640 [2003]).
Mercure, J.R, Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

. The wound required several stitches.

. While that order stated that the hearing was held pursuant to Family Ct Act § 1027, it went on to order that Tylor be placed with the grandmother pursuant to Family Ct Act § 1017 (2) (a) (ii).

. Family Ct Act § 1028 (a) provides, in relevant part, that “[u]pon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part or upon the application of the law guardian for an order returning the child, the court shall hold a hearing to determine whether the child should be returned . . . unless there has been a hearing pursuant to section [1027] of this article on the removal of the child at which the parent or other person legally responsible was present and had the opportunity to be represented by counsel” (emphasis added).